May Term,
1848.

CUNNINGHAM
v.
DOE.

CUNNINGHAM v. DOE on the Demise of HOGAN and Others.

The statute of 1838, on the subject of descents, gives to the husband the real property in fee, in the same portions, and under the same circumstances, that it would have gone to the widow had he been the decedent and she the survivor.

The 13th section of chapter 29 of that statute, made no enlargement of the husband's common law right to the residue, after receiving one-third of the property.

*Friday,*
*June 2.*

ERROR to the *Harrison* Circuit Court.

PERKINS, J.—Ejectment. The children of *John Martin*, by his first wife, are the lessors of the plaintiff. The husband of his only child by his second wife, is the defendant. Recovery below by the plaintiff.

The facts of the case are these:

On the 13th day of *September*, 1826, said *John Martin*, being seized in fee simple, by purchase, of the land in dispute, conveyed the same, in fee, to *Elizabeth Martin*, then about 20 months old, and his only child by his second wife. In the *December* following the making of this conveyance, said *John* departed this life, intestate; in 1829, his second wife, the mother of *Elizabeth*, died; and in 1843, on the 28th of *April*, *Elizabeth*, then the wife of defendant, *Cunningham*, also departed this life, intestate, and without having had issue born alive. *Cunningham*, with his said wife, during the continuance of their marriage life, occupied the premises; and he continued to occupy them after her decease, and was in possession at the commencement of this suit.

The above facts raise a question upon the descent of real property, to be determined by the R. S. of 1838, those of 1843 not having come into force at the death of *Elizabeth*.

Section 2, chapter 29, p. 236, of the statutes of 1838, so far as it affects this case, is as follows:

" If there be no children, nor their descendants, then one-half shall go to the father, and the other half be equally divided among the brothers and sisters or their descendants. If there be no father, then one-half shall go to the

mother, and the other be equally divided among the brothers and sisters or their descendants. If there be no father or mother, then the whole shall be equally divided among the brothers and sisters or their descendants. If there be no brothers or sisters or their descendants, then the whole shall go to the father, or, if he be deceased, to the mother: *Provided, however*, That if the widow of said deceased be living, she shall, in all or any of the cases contemplated in this section, be entitled to two-thirds of his personal estate, and one-third of his real estate in fee simple, after the payment of all debts and necessary expenses of administration; or, at her option, to the usual dower."

Section 13 of the same chapter, p. 239, enacts that:

" In all cases of *feme coverts* dying intestate, the real property shall go to the husband in fee, in the same portions, and under the same circumstances, that it would have gone to his widow, had he been the decedent and she survived him. He shall also be tenant by a curtesy, as at common law, in the residue."

These are the only parts of the " act regulating descents," &c., which seem to bear upon the case before us, and the purport of them, we think, is, that if, upon the death of a husband, there be no children, nor father, nor mother, one-third of the real estate left by such husband may go, subject to the payment of his debts, to the wife in fee simple: and that, under the same circumstances, upon the death of the wife, one-third of the real estate, left by her, will go, in like manner, in fee, to the husband.

In this case, there are no children, nor is there any father or mother, and the wife died intestate, leaving real estate. The husband is, therefore, entitled, as against the lessors of the plaintiff, to one-third of it, in fee. What is his interest in the remaining two-thirds? We think, nothing. He had no children, born alive, by his wife *Elizabeth*. At common law, then, he had no interest in any part of the estate, by " the curtesy;" and we think the statute, by giving him one-third in fee, and declaring that he should " be tenant by the curtesy, as at common law,

May Term,
1848.

in the residue," made no enlargement of his common law right in that residue; but that the design was, by the latter clause of section 13, to exclude ·any presumption, in those 'cases where, by the common law, a tenancy by the curtesy would exist, that, by giving one-third of the real estate in fee, it was intended to abridge such curtesy right in the other two-thirds. We think that clause means the same as though it read " He shall be entitled, &c., under the same circumstances as, at common law, he would have been," &c.

As the plaintiff below recovered the entire interest in the land sued for, the judgment must be reversed. He should have recovered but two-thirds. As to the other third the defendant was not guilty.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*W. A. Porter*, for the plaintiff.

*R. Crawford*, for the defendant.